UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:25-cr-207-TJC-SJH
 18 U.S.C. § 2252(a)(2)
RONALD NUJSILOOB YANG  18 U.S.C. § 2252(a)(4)(B)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Receipt of Child Pornography)

On or about August 17, 2025, in the Middle District of Florida, and elsewhere, the defendant,

RONALD NUJSILOOB YANG,

did knowingly receive a visual depiction using any means and facility of interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

### COUNT TWO
### (Possession of Child Pornography)

On or about August 17, 2025, in the Middle District of Florida, and elsewhere, the defendant,

RONALD NUJSILOOB YANG,

did knowingly possess a matter that contained visual depictions that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, by any means, when the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, and these depictions involved prepubescent minors.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## **FORFEITURE**

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2252(a)(2) or 18 U.S.C. § 2252(a)(4)(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: Samsung Galaxy cellular phone, seized from the defendant on August 17, 2025.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

███████████████

GREGORY W. KEHOE
United States Attorney

By: _____
ASHLEY WASHINGTON
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
9/29/25 Revised

No.

## UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

RONALD NUJSILOOB YANG

INDICTMENT

Violations: 18 U.S.C. § 2252(a)(2)
18 U.S.C. § 2252(a)(4)(B)

A true bill,

███████████████████

Filed in open court this 2nd day

of October, 2025.

_____
Clerk

Bail $

GPO 863 525